J-A32039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHANTICE TILLERY, IN HER OWN RIGHT AND PARENT AND NATURAL GUARDIAN ON BEHALF OF HER MINOR SON, SHAMIR D. TILLERY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THE CHILDREN'S HOSPITAL OF PHILADELPHIA, CHILDREN'S HEALTHCARE ASSOCIATES, INC., MONIKA GOYAL, M.D., JOEL FEIN, M.D., KYLE NELSON, M.D. | |
| APPEAL OF: THE CHILDREN'S HOSPITAL OF PHILADELPHIA AND MONIKA GOYAL, M.D. | |
| | No. 1823 EDA 2016 |

Appeal from the Judgment Entered April 15, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: December Term, 2011 No. 02168

BEFORE: DUBOW, J., RANSOM, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:  **FILED FEBRUARY 28, 2017**

Appellants, The Children's Hospital of Philadelphia (CHOP) and Monika Goyal, M.D., appeal from the judgment entered on April 15, 2016.[1]  We quash.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellants filed a timely appeal from the judgment at docket number 1508 EDA 2016, in which they alleged both trial and judgment errors. (*See **Tillery v. CHOP***, No. 1508 EDA 2016, at *4-5 (Pa. Super. filed February \_\_\_\_, 2017)). In this appeal, at docket number 1823 EDA 2016, they again seek to challenge the judgment. (*See* Appellants' Brief, at 4).

This Court conducted an exhaustive merit review of the claims raised challenging the judgment at docket number 1508 EDA 2016, and our conclusions are the law of the case. *See **Signora v. Liberty Travel, Inc.***, 886 A.2d 284, 290 (Pa. Super. 2005), *appeal denied*, 919 A.2d 958 (Pa. 2007) ("Under [the] law of the case doctrine, a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of the same court or by a higher court in the earlier phases of the matter.") (citations omitted).[2] Appellants are not entitled to a "second bite at the apple" to challenge the judgment again. We quash.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[1] Appellants purport to appeal from the order entered on May 12, 2016 denying their emergency motion to vacate the judgment. However, an appeal properly lies from the final order, which "disposes of all claims and of all parties[.] " Pa.R.A.P. 341(b)(1); *see also* Pa.R.A.P. 702(a). We have changed the caption accordingly.

[2] Appellants raise three of the same issues that we thoroughly addressed previously, namely the reduction of future medical expenses to present value, whether that claim was properly preserved, and delay damages. (*See **Tillery***, *supra* at *21-25, *21 n.6; Appellants' Brief, at 4). Their issue regarding post-judgment interest, (*see* Appellants' Brief, at 4), was not raised in either a timely post-trial motion or in the original appeal to this Court, and is waived.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017